**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 7 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FAREED SEPEHRY-FARD, | No. 14-16085 |
| Plaintiff-Appellant, | D.C. No. 3:13-cv-03131-WHO |
| v. | |
| DEPARTMENT STORES NATIONAL BANK; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
William Horsley Orrick III, District Judge, Presiding

Submitted October 25, 2016[**]

Before:    LEAVY, GRABER, and CHRISTEN, Circuit Judges.

Fareed Sepehry-Fard appeals pro se from the district court's judgment

dismissing his action alleging federal and state law claims relating to a state court

debt collection case.   We have jurisdiction under 28 U.S.C. § 1291.   We review de

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

novo the district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010). We affirm.

The district court properly dismissed Sepehry-Fard's claims against defendants Patricia M. Lucas, Mary Arand, and Mark H. Pierce on the basis of judicial immunity. *See Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) ("Judges . . . are absolutely immune from damage liability for acts performed in their official capacities.").

To the extent that Sepehry-Fard's claims sought review of a prior state court judgment, the district court properly dismissed those claims as barred by the *Rooker-Feldman* doctrine. *See Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003) (*Rooker-Feldman* bars de facto appeals of a state court decision and constitutional claims "inextricably intertwined" with the state court decision); *see also Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008) (a de facto appeal is one in which "the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules" (citations and internal quotation marks omitted)).

The district court properly dismissed Sepehry-Fard's claims for declaratory

2                                                                                  14-16085

relief, accounting, violation of the Racketeer Influenced and Corrupt Organizations Act, and violation of the California Unfair Competition Law because Sepehry-Fard failed to allege facts sufficient to state a plausible claim. *See Hebbe*, 627 F.3d at 341-42 (although pro se pleadings are to be liberally construed, a plaintiff must present factual allegations sufficient to state a plausible claim for relief).

Sepehry-Fard's contentions that the district court lacked subject matter jurisdiction over this action, lacked personal jurisdiction over defendants, was biased, or violated Sepehry-Fard's rights to a jury trial, due process, or equal protection by dismissing this case, are unpersuasive.

We do not consider arguments raised for the first time on appeal or matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Sepehry-Fard's pending requests are denied.

**AFFIRMED.**

14-16085